BAILES, Judge.
This is a suit on a life insurance policy for “double indemnity” benefits. The plaintiff is the beneficiary and widow of the deceased policyholder, Charles S. Smith. The defendant filed a peremptory exception of no cause of action, which was sustained, and this suit was dismissed by the court. Plaintiff appeals from this judgment.
The defendant issued a life insurance contract or policy to decedent on November 22, 19S4, in the amount of $25,000, and on December 10, 1954, a so-called “double indemnity” benefit or provision was added to the original contract under a “supplemental contract.” The additional benefit was added to the life insurance policy for a stated premium. All premiums due under the policy were paid until October 22, 1961.
Upon default in payment of the premium and upon failure of decedent to elect a different option, as he was permitted to do under § 3B of the policy and as provided in LSA-R.S. 22:168, the’ face amount of the policy was automatically continued in force as extended term insurance.
On July 5, 1962, while covered by the automatically extended term provision, decedent met death accidentally when he was struck by an airplane propeller. The defendant paid the plaintiff $25,000 but refused to pay an additional $25,000 under the “double indemnity” contract. This refusal is based upon the contention that this contract terminated, according to the express provisions of the “Additional Acci *624 dental Death Benefit” contract, and that such termination did not contravene the provisions of the Louisiana “Standard Non-Forfeiture Law,” LSA-R.S. 22:168. It was from this refusal to pay that the present litigation arose.
The essence of the plaintiff’s argument is:
1. Louisiana’s public policy of extending insurance whenever possible, as well as the prohibition against an insurer taking premiums and failing to afford coverage” demands that payment be made despite the express contract provision that if no premium is paid, no benefits will be paid, and
2. “Our jurisprudence is replete with decisions reciting that in all instances the construction affording insurance will be adopted instead of one which deny (sic) the protection purchased by the insured; ” so the decision here should be that the accidental death benefits be paid despite the unambiguous clause in the contract which provides that the benefits will not be paid when the premiums are not paid. Any basis for sustaining the plaintiff’s position that the additional amount should be paid must be found either in the insurance contract or in the non-forfeiture statute.
The position of the plaintiff is not sustained by the contract which expressly provides that: “Failure to pay any premium when due under said policy or this Supplemental Contract shall automatically terminate this contract and all rights hereunder.” This clause does not contravene the non-forfeiture statute, LSA-R.S. 22 :- 168, the pertinent part of which provides at § 168, subd. E:
“ * * * additional benefits payable (1) in the event of death * * * by accident or accidental means, * * * shall be disregarded in ascertaining * * * non-forfeiture benefits required by this Section, and no such additional benefits shall be required to be included in any paid-up non-forfeiture benefits.”
Therefore, for the reasons stated above, the plaintiff’s petition does not state a cause of action; and accordingly, the judgment of the trial court is affirmed at plaintiff’s costs.
Affirmed,